

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Mr. Woods:

Opinion No. O-227
Re: Removal of County Super-
intendent from office.

This will acknowledge receipt of your letter of January 26, 1939, wherein there was requested an opinion by the Attorney General upon the following question:

"Does the State Superintendent have the legal authority to hear and to pass upon a proceeding wherein the question of removal from office of the County Superintendent is involved?"

The Constitution of Texas, Article 16, Section 5, provides:

"Every person shall be disqualified from holding any office of benefit or trust in this State who shall have been convicted of having given or offered a bribe to procure his election or appointment."

Legislative action is not necessary to render operative this provision of the Constitution. Trigg vs. State, 49 Tex., 645.

"Executive, Legislature, or Judicial officer are meant in their broadest sense and are intended to embrace every office, State, County or precinct officer." Davis vs. the State, 158 S. W. 288.

We do not find a case wherein a County Superintendent has been removed from office, hence; we will draw the analogy, and in doing this, we hold as a matter of law, that a County Superintendent is a county officer.

"School districts are a subdivision of a county, and school trustees are county officers." Hendricks vs. State, 49 S. W. 705. Kinbrough vs. Barnett. (Supreme Court). 55 S. W., 120.

"The Commissioner's Court have not the authority to judicially determine a right of one to an office or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the District Court." Ellinger vs. Rankin, 29 S. W., 240.

This holding is supported by a line of decision cited by Tex. Jur. Vol. 11, pages 577-578-579, and therein the rule is laid down:

"The Court (Commissioner's Court) has no authority judicially, to determine the right of one to an office or to remove a legally qualified officer from office, the jurisdiction in this matter lies within the exclusive cognizance of the District Court."

In view of the facts, even though, that in administrative matters the State Superintendent must be appealed to in some instances before recourse can be had to Court; we held as a matter of law that any proceedings had, or hearing held before a State Superintendent of Public Instruction, regarding a removal or an attempt to remove a County Superintendent from office, would be void and of no force and effect.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Assistant

GSB:GFS

APPROVED:

ATTORNEY GENERAL OF TEXAS